UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

JOSHUA CUMMINGS,

    Plaintiff,

v.

MICHAEL KORS (USA), INC. a/k/a
MICHAEL KORS RETAIL, INC.

    Defendant.

## NOTICE OF REMOVAL

Defendant, Michael Kors (USA), Inc. a/k/a Michael Kors Retail, Inc. ("Michael Kors"), pursuant to 28 U.S.C. § 1441, et seq., and 28 U.S.C. § 1331, files this Notice of Removal of this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, in which it is now pending, to the United States District Court, Middle District of Florida, Orlando Division.  Michael Kors, for its Notice of Removal, states:

**I.    INTRODUCTION**

    1.    This civil action, captioned *Joshua Cummings v. Michael Kors (USA), Inc. a/k/a Michael Kors Retail, Inc.*, was filed on or about February 26, 2019, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "Circuit Court Action"), bearing Case Number No. 2019-CA-002545-0 (the "Complaint").

    2.    The Summons was issued on March 5, 2019.

    3.    Plaintiff served a Notice of Commencement of Action, requesting Michael Kors to sign the enclosed waiver of service of process on January 14, 2020.

    4.    Michael Kors executed a waiver of service on March 20, 2020.

5. No further proceedings have occurred in this action, and the Civil Cover Sheet, Complaint, Summons, Notice of Commencement of Action and Waiver of Service constitute the only process, pleadings or papers served in this action. Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. R. 4.02, a copy of the Civil Cover Sheet, Complaint, Summons, Notice of Commencement of Action and Waiver of Service are attached hereto as Composite Exhibit A.

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of Michael Kors' execution of a waiver of service on March 20, 2020. *See Brown v. Macon-Bibb County Planning & Zoning Comm'n*, No. CIVA 507-CV-00161-HL, 2007 WL 2212659 (M.D. Ga. July 30, 2007) (holding date of execution of waiver of service triggers start of thirty-day removal period); *Gipson v. Fountain*, No. 1:17-CV-3061-SCJ, 2017 WL 9882670, at *2 (N.D. Ga. Oct. 23, 2017) (same).

7. Written notice of the filing of this Notice of Removal will be served on Plaintiff and a copy of this Notice will be filed with the Clerk of the Circuit Court in and for Orange County, Florida, promptly after the filing of this document with this Court, pursuant to 28 U.S.C. § 1446(d).

8. Removal pursuant to 28 U.S.C. §§ 1441 and 1446 is proper in this case because pursuant to 28 U.S.C. § 1331, this Court has original federal question jurisdiction over this action because, in his Complaint, Plaintiff asserts causes of action under federal statute -- 42 U.S.C. § 1981.

9. By filing this Notice of Removal, Michael Kors does not waive any defenses that may be available to it.

10. This Notice of Removal is executed pursuant to Fed. R. Civ. P. 11.

## II.     THIS COURT HAS FEDERAL QUESTION JURISDICTION.

11.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts in his Complaint two causes of action under 42 U.S.C. § 1981.

12.     As a civil action founded upon a right or claim arising under the laws of the United States, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

13.     This Court may exercise supplemental jurisdiction over the related state law statutory claims in the Complaint pursuant to 28 U.S.C. § 1367, as the state law claims are related to the federal claims by subject matter, time period, and/or alleged action.  Indeed, all four counts (under federal and state laws) incorporate the same exact factual allegations contained in paragraphs numbered 12 through 72 of the Complaint.  Thus, pursuant to 28 U.S.C. § 1441(c), all otherwise non-removable claims or causes of action asserted in the Complaint are also properly subject to removal.

## III.    CONCLUSION

WHEREFORE, Michael Kors respectfully requests that the Court take jurisdiction of this action and grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: April 17, 2020

By: s/*Jurate Schwartz*
Jurate Schwartz, Esq.
Florida Bar No. 0712094
PROSKAUER ROSE LLP
2255 Glades Road, 421 Atrium
Boca Raton, FL  33431
Telephone: (561) 241-7400
Facsimile:  (561) 241-7145
jschwartz@proskauer.com
florida.labor@proskauer.com
*Attorneys for Defendant*

and

Howard Z. Robbins (*pro hac to be filed*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3912
Facsimile: (212) 969-2900
hrobbins@proskauer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: s/*Jurate Schwartz*
Jurate Schwartz, Esq.
Florida Bar No. 0712094
PROSKAUER ROSE LLP
2255 Glades Road, 421 Atrium
Boca Raton, FL  33431
Telephone: (561) 241-7400
Facsimile:  (561) 241-7145
jschwartz@proskauer.com
*Attorneys for Defendant*